UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAMES WATSON,

    Plaintiff,

v.

NORTH RESTAURANTS, LLC

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, JAMES WATSON, ("Plaintiff"), hereby sues Defendant, NORTH RESTAURANTS, LLC ("Defendant") for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the

ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff also utilizes the internet. Plaintiff is unable to read computer materials and/or access and comprehend internet website information without software specially designed for people with low vision or blindness. Specifically, Plaintiff utilizes the JAWS Screen Reader software, which is one of the most popular reader Screen Reader Software ("SRS") utilized worldwide.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their websites are in compliance with the ADA.

6. Defendant NORTH RESTAURANTS, LLC is a foreign limited liability company authorized to transact business in Florida. On information and belief Defendant is a wholly owned subsidiary of Cheesecake Factory Incorporated which is a public company on the NASDAQ exchange and which is a part of the S&P 600 restaurant component. Defendant owns and operates restaurants branded as "North Italia" which are Italian style restaurants specializing in pasta, pizza and other Italian food items. North Italia restaurants are located in Arizona, California, Colorado, Florida, Kansas, Nevada, North Carolina, Pennsylvania, Tennessee, Texas, Washington, D.C. and Virginia. There are several North Italia restaurants located within South Florida; one is located in Dadeland Mall and another is located in Mary Brickell Village.  Each North Italia restaurant is open to the public. As such, each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). North Italia restaurants are referenced throughout as "place(s)

of public accommodation," "North Italia restaurant(s)," or "restaurant(s)."

7. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

8. Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, the [www.northitalia.com](www.northitalia.com) website (hereinafter "website"). On information and belief, Defendant is the owner, operator, lessor and/or lessee of the website. This website supports, is an extension of, is in conjunction with, is complementary and supplemental to, Defendant's North Italia restaurants. The website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each North Italia restaurant physical location. On information and belief, Defendant also continually and/or periodically updates and maintains the website.

9. The website provides information about Defendant's Places of Public Accommodation and is offered by Defendant as a way for the public to become familiar with the North Italia menu selections as well as information on hours of operation, restaurant locations, provides a link to reserve a table for dining within the restaurant, provides a link to purchase gift cards to the North Italia Miami restaurants and to check the available balance on purchased gift cards, provides a link to sign up for the restaurant's newsletter, and provides other information the Defendant seeks to communicate to the public.  The website also enables the public/patrons to place an order online and have the order ready for pick up at the restaurant or for delivery to a patron's home. The website also has pop-up promotions for $10 and $20 off coupons which should be available to the general public by clicking on the screen pop-ups.  By the provision of menu selection, reservation services, promotional coupons, to-go/delivery order selection, and the purchase of gift cards, the website is an integral part of the goods and services offered by

Defendant. By this nexus, the website is characterized as a Place of Public Accommodation pursuant to Title III of the ADA[1], 42 U.S.C. §§ 12181(7)(B) & (E).

10. On January 18, 2022 Plaintiff went online to Defendant's website with the intent to learn about North Italia's menu selections, hours of operation, and promotions. Plaintiff also intended to test the website for compliance with the ADA. While attempting to comprehend the website, Plaintiff encountered multiple areas of inaccessibility, including but not limited to the inability to comprehend and download the $10 and $20 coupon promotions, subscribe to the North Italia's newsletter, the inability to make a reservation, and the inability to navigate through the restaurant locations page and to learn about menu nutritional information.

11. Defendant and alike restaurants are fully aware of need to provide full access to all visitors to its Website.[2]

12. Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

13. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendant's discriminatory practice.

14. Notice to Defendant is not required as a result of Defendant's failure to cure the

---

[1] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." (See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

[2] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g. (https://www.digitalcommerce360.com/2016/04/01/web-accessibility-what-e-retailers-need-know/), (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance )

violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

15. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

16. The ADA and implementation of ADAAG requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

17. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

18. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

19. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

5

20. Defendant's Website has been designed to integrate with its North Italia branded brick-and-mortar restaurants through provision of a reservation service, the provision of to-go order and delivery of food from its physical restaurant locations, and the ability to purchase and manage gift cards online. Therefore, the website is an extension of Defendant's Places of Public Accommodation. By and through its website, Defendant extends its Places of Public Accommodation into individual persons' homes, portable devices and personal computers wherever located. The website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's Places of Public Accommodation. As such, Defendant's website is integrated with, and is a nexus to, its brick-and-mortar restaurant locations. Therefore, its website is governed by the following provisions:

    a. 42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

    b. 42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

    c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or

accommodation that is not equal to that afforded to other individuals[.]"

      d.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

      e.    42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

      f.    42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

      g.    42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

      h.    42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded,

denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

21. As the owner and/or operator of the North Italia restaurant website, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create and maintain a website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the website and the content therein, including the ability to make a reservation to dine within the North Italia restaurant location of their choice or to order menu selections for pickup and delivery from a restaurant location of their choice as well as to purchase gift cards to North Italia restaurants and have those purchased gift cards delivered to their homes or as gifts for others.

22. Plaintiff attempted to access and/or utilize Defendant's website, but was unable to, and he continues to be unable to enjoy full and equal access to the website and/or understand the content therein because numerous portions of the website do not interface with and are not readable by screen reader software. More specifically, features of the website that are inaccessible to the visually impaired include, but are not limited to, the following (citing the WCAG 2.1 Guidelines):

  i. Guideline 1.3.1 Info and Relationships is violated as nutritional information on the PDF is not accessible.
  ii. Guideline 1.3.2 Meaningful Sequence is violated. For example, when placing an order, a user can select their location from the "All Location" page, however this is a difficult page to navigate for screen reader software users because focus first moves to the map of the states and only the first state is announced. Screen reader software users then must tab through every other state, even if locations aren't present, but only the first state is announced, they must tab another 49 times and no announcement is made for any of these

    tab presses.

iii. Guideline 2.1.1 Keyboard is violated. For example, after pressing the "Sign Up" button for the 'Get $10 off $20' promotion' a dialog is displayed, but focus doesn't move to it and it's not announced.

iv. Guideline 2.4.3 Focus Order is violated. For example, on pressing the "Reservation" button, the reservation dialog is displayed, but it's not announced and focus doesn't move to it. Instead, the screen reader user hears other elements shown on the homepage which makes it appear that the Reservation button isn't working.

v. Guideline 3.3.1 Error identification. Input errors are not clearly identified. For example, errors on the newsletter subscription field are not announced when displayed.

vi. Guideline 4.1.2 Name, Roll, Value is violated as the "Are you over 21?" checkbox on the subscription dialog is not labeled properly. It's announced only as "checkbox" when a user tabs to it.

  23. Plaintiff continues to attempt to utilize and test Defendant's website and/or plans to continue to attempt to utilize and test the website in the near future. In the alternative, Plaintiff intends to monitor the website in the near future, as a tester, to ascertain whether it has been updated to interact properly with screen reader software.

  24. With respect to its website, Defendant has violated the ADA by failing to interface its website with software utilized by visually impaired individuals (as specifically delineated within paragraph 22) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying Plaintiff accommodation on the basis of his disability:

  a. by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

  b. in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. §

12182(b)(1)(A)(i));

      c.     in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

      d.     by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

      e.     by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

      f.     notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

      g.     by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

      h.     by a failure to take such steps as may be necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate

that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

25. Plaintiff would like to be a customer at the North Italia restaurants located at Dadeland Mall and Mary Brickell Village but, before Plaintiff goes to each of these restaurants, he would like to determine what is available for his dining selections that would meet his dietary preferences and would like to be able to take advantage of discounts such as $10 and $20 coupons available on the website as made available to the general public. In that regard, Plaintiff continues to attempt to utilize the website and/or plans to continue to attempt to utilize the website to review the menu, to make online reservations for dining within the restaurant, and/or to order food to be delivered to his home.

26. Plaintiff is continuously aware of the violations within Defendant's website and is aware that it would be a futile gesture to attempt to utilize the website as long as those violations exist unless he is willing to suffer additional discrimination.

27. Plaintiff has suffered (and continues to suffer) frustration, humiliation and unequal pricing (by not being able to take advantage of $10 and $20 coupons trough the website's pop-ups) as the result of the discriminatory conditions present within Defendant's website. By continuing to operate its website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions within Defendant's website and knowing that it would be a futile gesture to attempt to utilize the website unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the

same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

28. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA.

29. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to its website. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant. Plaintiff desires to access the website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that this website is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the website without fear of discrimination.

30. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

31. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter its website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff JAMES WATSON hereby demands judgment against Defendant NORTH RESTAURANTS LLC and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that Defendant's website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain its website to ensure that it is readily accessible to and usable by persons with vision impairment;

c. The Court issue an Order directing Defendant to alter its website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the website for purposes of comprehending Defendant's North Italia's restaurant locations, menu selections, ordering/paying for gift cards, availing themselves of coupons, signing up for the restaurant's newsletter, and making reservations, and during that time period prior to the website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through Defendant's website.

e. The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

  f.  The Court enter an Order directing Defendant to continually update and maintain its website to ensure that it remains fully accessible to and usable by visually impaired individuals;

  g.  The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

  h.  The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 31, 2022

            Respectfully submitted,

            */s/ J. Courtney Cunningham*
            J. Courtney Cunningham, Esq.
            J. COURTNEY CUNNINGHAM, PLLC
            FBN: 628166
            8950 SW 74th Court, Suite 2201
            Miami, FL 33156
            T:  305-351-2014
            cc@cunninghampllc.com